**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**CASE NO.: 17-CV-20761**

| | |
|---|---|
| DOUGLAS LONGHINI, individually, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNIVERSITY COMMERCIAL PLAZA, INC. | ) |
| a/k/a COLUMBIA PLAZA and PRONTO | ) |
| FOODS CORPORATION d/b/a PRONTO | ) |
| PIZZA EXPRESS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff DOUGLAS LONGHINI ("**Plaintiff**"), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a ("**ADA**") and the Americans with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 ("**ADAAG**"), hereby sues Defendants UNIVERSITY COMMERCIAL PLAZA, INC. d/b/a COLUMBIA PLAZA ("**Defendant Columbia Plaza**") and PRONTO FOODS CORPORATION d/b/a PRONTO PIZZA EXPRESS ("**Defendant Pronto Pizza**") (**Collectively "Defendants"**) for injunctive relief and states:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

## PARTIES

3. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of Miami-Dade County, Florida.

4. Plaintiff is a qualified individual under the ADA because he is a disabled individual who has a physical impairment that substantially limits one or more major life activities.

5. Specifically, Plaintiff has a physical impairment that requires him to use a wheelchair to ambulate.

6. Defendant Columbia Plaza is Florida Profit Corporation having its main place of business in Miami-Dade County, Florida.

7. Defendant Columbia Plaza is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 10746 S.W. 24th Street, Miami, Florida 33165, Folio No. 30-4018-000-0016 (the "**Subject Premises**" or "**Facilities**" or "**Shopping Center**").

8. Defendant Pronto Pizza is a Florida Profit Corporation having its main place of business in Miami-Dade County, Florida.

9. Defendant Pronto Pizza is the owner, lessee or operator of the restaurant known as Pronto Pizza Express located on the Subject Premises with the specific address 10770 SW 24th St, Miami, FL 33165.

## GENERAL ALLEGATIONS

10. The Subject Premises is a place of public accommodation under the ADA and ADAAG because it is a shopping center.

11. As a place of public accommodation, Defendants were required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

12. Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

13. Accordingly, Defendants were required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

14. Plaintiff has knowledge that the Subject Premises is in violation of the ADA and discriminating against individuals with disabilities.

15. In or about 2017, Plaintiff visited the Subject Premises to conduct business—i.e., purchase food at the restaurant —and encountered architectural barriers to access the Subject Premises.

16. Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendants; however, he was subjected to discrimination by Defendants on the basis of his disability due to Defendants' ADA violations.

17. Plaintiff was not able to access, among other things, parking, entrance, path of travel, goods and services and public restrooms at the Subject Premises without encountering architectural barriers.

18. Plaintiff intends to return to the Subject Premises once the barriers violating the ADA are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Subject Premises and therefore cannot provide an exact date he will return the Subject Premises.

19. Plaintiff will be denied full access to the Subject Premises, as provided by the ADA, unless the injunctive relief requested herein is granted.

20. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendants if said violations are not corrected and made compliant.

21. Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

22. Plaintiff intends to visit the Subject Premises again, not only to visit the restaurant, but to assure himself that the Subject Premises is in compliance with the ADA and thus ensuring that individuals with disabilities, including himself, will have full and equal enjoyment of the property without fear of discrimination.

23. Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendants' violation of and non-compliance with the ADA because he intends on returning to the Subject Premises in the near future.

24. Defendants have discriminated and continue to discriminate against Plaintiff by denying him access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

25. Defendants are in violation of the ADA and ADAAG and are discriminating against Plaintiff as a result of the following violations:

## DEFENDANT COLUMBIA PLAZA

### Parking

a. The Plaintiff had difficulty exiting the vehicle as the designated parking space and access aisle contain changes of level and excessive slopes. Violation: The space and access aisle contain slopes and level changes in violation of Sections 4.6.3 and 4.6.6 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

b. Identification signage for the disabled use space fails to comply with ADAAG standards preventing disabled patrons from locating the space. No compliant van accessible parking is provided at the Facility.

### Entrance Access and Path of Travel

c. The Plaintiff had difficulty traversing the path of travel as there are non-compliant slopes present. Violation: The path of travel contains excessive slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

d. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG, whose resolution is readily achievable.

e. The Plaintiff had difficulty using some of the curb ramps as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG and Sections 406.1 and 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

f. There are ramps at the facility that do not have compliant level landings in violation of Section 4.8.4 of the ADAAG, whose resolution is readily achievable.

g. The Plaintiff had difficulty traversing the path of travel as it was not continuous and accessible. Violation: There are no accessible routes from the public sidewalks, bus stops and between the buildings. These are violations of the requirements in Section 4.3.2 of the ADAAG and Section 206.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

h. The Plaintiff could not traverse through areas of the facility as the required 36" path is not provided. Violation: There is not a continuous path of travel connecting all essential elements of the facility, in violation of

Sections 4.3.1 and 4.3.2 of the ADAAG and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

### DEFENDANT COLUMBIA PLAZA AND DEFENDANT PRONTO PIZZA

### Access to Goods and Services

i. The Plaintiff could not reach the self-service items as they were mounted too high. Violation: There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG and Section 904.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

j. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG and the 2010 ADA Standards.

k. Tables and counters for public use at the facility lack required disabled use elements, in violation of several Sections of the ADAAG, whose resolution is readily achievable.

### Public Restrooms

l. The Plaintiff could not flush the toilet without assistance as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Sections 604.6 and 309 of the 2010 ADA Standards, whose resolution is readily achievable.

m. The Plaintiff was unable to use the lavatory which lack required knee clearance and approach space. Violation: The lavatory is in violation of Section 4.19 of the ADAAG and Section 606 of the 2010 ADA Standards, whose resolution is readily achievable.

n. The Plaintiff could not use the water closet which lacks proper grab bars and adequate approach or transfer space. Violation: The water closet for public use in the restroom is in violation of the requirements in Section 4.16 of the ADAAG and Section 604 of the 2010 ADA Standards, whose resolution is readily achievable.

o. The Plaintiff could not enter or exit the public use restroom without assistance. Violation: maneuvering clearances at the door fail to meet minimums prescribed in Section 4.13 of the ADAAG and Section 404 of the 2010 ADA Standards, whose resolution is readily achievable.

      p. Mirrors and dispensers in the restroom are mounted beyond the prescribed heights preventing use by the Plaintiff.

26. The discriminatory violations described herein may not be an exclusive list of Defendants' ADA violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

27. By encountering the discriminatory conditions at Defendants' Facilities, and knowing that it would be a futile gesture to return unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

28. By maintaining a place of public accommodation with ADA violations, Defendants deprive Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

29. Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

30. Plaintiff demands a non-jury trial on all issues to be tried herein.

## COUNT
## CLAIM FOR INJUNCTIVE RELIEF
### (Against all Defendants for ADA Violations)

31. Plaintiff re-avers and incorporates paragraphs 1–30 as if fully set forth herein.

32. This action arises pursuant to the ADA.

33. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Facilities, and has otherwise been discriminated against and damaged by Defendants because of the Subject Premises' existing ADA violations.

34. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

35. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

36. By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

37. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff DOUGLAS LONGHINI respectfully requests this Court issue a permanent injunction enjoining Defendants UNIVERSITY COMMERCIAL PLAZA, INC. d/b/a COLUMBIA PLAZA and PRONTO FOODS CORPORATION d/b/a PRONTO PIZZA EXPRESS from continuing its discriminatory practices, ordering Defendants to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendants to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 27th day of February, 2017.

Respectfully submitted,

By:   s/ Rafael Viego III
Rafael Viego III, Esq.
Florida Bar No. 60967
Mario E. Lopez, Esq.
Florida Bar No. 980691
Eric Matthew Rodriguez, Esq.
Florida Bar. No. 0123057
**FEDERAL DISABILITY ADVOCATES**
*Attorneys for Plaintiff*
4300 Biscayne Boulevard, Suite 305
Miami, Florida 33137
Telephone:    (305) 717-7530
Facsimile:    (305) 717-7539
E-mail: rviego@jltrial.com
E-mail: mlopez@jltrial.com
E-mail: erodriguez@jltrial.com
E-mail: eservice@jltrial.com

MEL/RV/lp
0006.066